Estate of Walter L. Small, Elizabeth W. Small, Administratrix v. Commissioner.
Estate of Small v. Commissioner
Docket No. 109342.
United States Tax Court
1943 Tax Ct. Memo LEXIS 369; 1 T.C.M. (CCH) 885; T.C.M. (RIA) 43167; April 8, 1943
*369 1. Decedent made an outright gift of $30,000 to his wife in 1927 and she, in 1930, loaned him a sum in excess of $30,000. The loan was a demand loan, and repayment was neither demanded nor made during decedent's lifetime. Held, the wife's claim against decedent's estate is an allowable deduction from gross estate. Section 812 (b), Internal Revenue Code. 2. A payment made by the administratrix to or for the benefit of decedent's daughter, pursuant to decedent's promise to make her a graduation gift, held, not deductible from gross estate; nor is the amount set aside by decedent in a bank account in his own name, from which he expected to make the gift, excludible from his gross estate on the theory that it represented an established trust fund for her benefit. John H. Hall, Esq., 428 Carolina Bldg., Elizabeth City, N.C., for the petitioner. Elmer L. Corbin, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion A deficiency in estate tax in the amount of $4,120.86 has been determined. In the proceeding before this Court two adjustments made by the Commissioner are placed in issue: (1) the disallowance of a $30,000 claim against the estate made by decedent's widow; *370 and (2) the disallowance of a claim made by his daughter Lillian in the amount of $860.50, which sum petitioner contends, in the alternative, should have been excluded from gross estate as a trust fund standing in the name of decedent for the benefit of his daughter. Findings of Fact Petitioner is the Estate of Walter L. Small and the decedent's widow, Elizabeth W. Small, is administratrix of the estate. The estate tax return was filed with the Collector of Internal Revenue for the District of North Carolina. The decedent, Walter L. Small, died intestate on May 26, 1939. For many years prior to his death he was a judge of the Superior Court of North Carolina. For some years prior to 1927 decedent had been very successful in his investments and had made considerable money on the market. In 1927 he made his wife an outright gift of $30,000. Mrs. Small had intended to build a home with this money, but it was given to her to use as she pleased. The gift was consummated by decedent's placing the money in a local bank in the name of his wife, and giving to her the pass book evidencing the deposit. In 1928 Mrs. Small invested practically all of the money in securities. She purchased *371 100 shares of R. J. Reynolds Tobacco Company stock at a cost of $15,750, 100 shares of stock of the Standard Oil Company of Indiana at a cost of $8,025, and 100 shares of stock of the Standard Oil Company of New Jersey at a cost of $4,637.50. Mrs. Small held the shares so purchased, collected the dividends thereon, and used the dividend income for any purpose she chose. During the year 1930 decedent suffered severe financial losses due to the failure of certain banks and brokerage houses. In view of this situation Mrs. Small loaned her husband in excess of $30,000. The loan consisted of the shares of stock theretofore purchased by her and certain cash she had in the bank in the amount of $2,450. The shares of stock at the time of the loan had a fair market value of $28,859.38. No note or other written evidence of the loan was given by decedent to his wife, but it was understood between them that the money would be repaid when Mrs. Small called for it. He promised to repay the loan and always intended to do so upon her demand. Decedent's financial condition did not improve to the point that Mrs. Small thought it desirable to demand payment, as there were still outstanding loans on *372 his insurance policies. Decedent in 1937 suffered a severe stroke of paralysis and died from subsequent strokes in 1939. At the time of his death the loan of $30,000 remained unpaid. The estate is solvent and there are sufficient assets to pay all debts, including this one. All claims of creditors have been satisfied except Mrs. Small's claim for $30,000 and the claim for additional taxes arising out of this proceeding. Mrs. Small has filed her claim against the estate. Under North Carolina law it is not necessary to have a claim or debt against an estate allowed or approved by the probate court unless the personal representative questions its validity. This claim has not been paid because of the fact that in order to do so it will be necessary to institute a proceeding to sell real property of the estate. Before such a proceeding is brought it will be necessary to know the amount of the debts which the estate has to pay, and this cannot be determined until the amount of estate tax is fixed. Prior to the decedent's death he promised his daughter Lillian a trip to Europe as a graduation present on graduating from Coucher College. Reservations, accompanied with down payments, had *373 been made for the trip. An account had been opened by decedent in the Carolina Bank in Elizabeth City, North Carolina, in which approximately $1,100 had been deposited and from which decedent indicated he was going to finance the trip. The deposit remained in the bank subject to the decedent's check at the date of his death. No trust agreement had been entered into with respect to the deposit or any other money. Decedent died a few days before Lillian's graduation. Plans for the trip were continued, however, and after graduation Lillian made the trip to Europe at her mother's insistence. The cost of the trip, in addition to the mitial reservation payments, was $860.50, which amount was paid by Mrs. Small as administratrix. Lillian had filed a claim therefor against the estate. Opinion ARUNDELL, Judge: As stated by counsel for the Commissioner in his opening statement, the first issue in this proceeding presents "a question of fact, and not a question of law." The evidence is unequivocal that decedent in 1927 made an outright gift of $30,000 in cash to his wife, and that in 1930 she made a loan to decedent of something in excess of $30,000, although in this proceeding she had limited *374 her claim against the estate to that sum. We have not only the testimony of Mrs. Small and her daughter in support of this transaction, but also the testimony of former Governor Ehringhaus and his wife, who were familiar with the entire matter. Judge Small and Governor Ehringhaus had been law partners and very close friends for many years. The claim of Mrs. Small is a bona fide one and was obviously contracted for an adequate and full consideration in money or money's worth. As stated in the Regulations (Sec. 81.29, Regs. 105), where a claim otherwise meets the requirements of an allowable deduction, it may be entered on the return for deduction even though it has not been paid, if it is of the type that "will be paid." The statute does not require, as respondent appears to suggest, that a claim must have been specifically authorized or approved by a probate court to be deductible. It is enough if it is of the type of claims "as are allowed by the laws of the jurisdiction * * * under which the estate is being administered." Sec. 812 (b), Internal Revenue Code. We think this claim for $30,000 falls within that category and should be allowed as a deduction in determining the estate *375 tax of the decedent. In our opinion the item of $860.50 does not constitute a deductible claim against the estate. We have here nothing more than the promise to make a gift, providing decedent's daughter Lillian was successful in graduating from college. Nor do the facts warrant a finding that the decedent established a trust for his daughter. At best he carried a separate bank account in his own name from which account he expected to defray the expenses of Lillian's trip abroad. On this point the respondent is affirmed. Decision will be entered under Rule 50.